**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4648

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAWYER DREW DOXTAD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00328-WO-1)

Submitted:  November 7, 2025                                    Decided:  January 13, 2026

Before KING, HARRIS, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Aaron B. Wellman, IVEY, MCCLELLAN, SIEGMUND, BRUMBAUGH & MCDONOUGH, LLP, Greensboro, North Carolina, for Appellant.  Randall S. Galyon, Acting United States Attorney, Clifton T. Barrett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sawyer Drew Doxtad pleaded guilty, pursuant to a plea agreement, to interference with commerce by robbery, threat, or violence, in violation of 18 U.S.C. § 1951. After serving a term of imprisonment, Doxtad began his first term of supervised release. That term of supervised release was revoked, and the district court imposed a new term of incarceration and a second term of supervised release. The probation officer filed a petition for revocation of the second term of supervised release, alleging that Doxtad violated the conditions of release by committing new criminal conduct, using marijuana on seven occasions, and failing to complete his community service requirements.

At the revocation hearing, the probation officer testified about the events leading to the alleged violations and based some of his testimony on positive drug tests and an incident report completed by the officer who arrested Doxtad on the new criminal conduct of driving while intoxicated ("DWI"). The district court revoked Doxtad's supervised release and sentenced him to 10 months' imprisonment followed by one year of supervised release. On appeal, Doxtad argues that the district court erred by considering hearsay evidence about his DWI charge and his positive drug test results without having the lab analyst testify as to the reliability of the drug tests or conducting the required balancing test. We affirm.

"We review a district court's evidentiary decisions in a supervised release revocation hearing for abuse of discretion." *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022). As such, we "will only overturn an evidentiary ruling that is arbitrary and irrational." *United States v. Abdallah*, 911 F.3d 201, 219 (4th Cir. 2018) (citation

2

modified).  But because Doxtad did not object during the revocation hearing to the district court's reliance on hearsay evidence, our review is for plain error.  *Combs*, 36 F.4th at 505. To succeed on plain error review, Doxtad "must establish that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights."  *Id*. (citation modified). If Doxtad makes this showing, we have discretion to correct the error and should do so "if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Rosales-Mireles v. United States*, 585 U.S. 129, 135 (2018) (citation modified); *Combs*, 36 F.4th at 505.

A defendant at a revocation hearing has "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)."  *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *see United States v. Williams*, 134 F.4th 134, 139-40 (4th Cir. 2025) (discussing due process requirements in supervised release revocation hearing), *cert. denied*, No. 24-7521, 2025 WL 2824120 (U.S. Oct. 6, 2025).  Thus, a defendant "is entitled to . . . disclosure of the evidence against [him]" and to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(B), (C).  "[T]he district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation."  *Combs*, 36 F.4th at 506 (citation modified).  "Reliability [of the hearsay evidence] is a critical factor in that balancing test[,] and unless the [G]overnment makes a showing of good cause for why the relevant witness is unavailable, hearsay evidence is inadmissible at revocation hearings." *Id*. at 507 (citation modified).

3

Even if the district court erred and any error is plain, we conclude that Doxtad has not established that the error affected his substantial rights. "To establish the third prong of plain error, [the defendant] must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id*. (citation modified). In this context, Doxtad must establish "a reasonable probability that the district court would have imposed a lower sentence." *Id*. at 508.

Here, the district court found that Doxtad had violated terms of his supervised release by using marijuana. Doxtad admitted using marijuana on at least one occasion, and he disclosed to his probation officer that he had used marijuana on additional occasions. In the revocation hearing, Doxtad admitted he violated the terms of his supervised release by using marijuana on one occasion. This violation was a Grade B violation for which the advisory Sentencing Guidelines policy statement range was four to 10 months' imprisonment. Thus, even if the Government had failed to prove the additional six drug violations and the new DWI criminal conduct, Doxtad's policy statement range would have remained the same. We therefore conclude that any error in considering hearsay evidence did not affect Doxtad's substantial rights.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4